## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: GOODRX AND PHARMACY BENEFIT
MANAGER ANTITRUST LITIGATION (NO. II)                           MDL No. 3148

### TRANSFER ORDER

    **Before the Panel**:[*] Plaintiff in the Central District of California *Grey Dog IV* action moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Rhode Island or, alternatively, the District of Connecticut. The litigation consists of thirteen actions pending in four districts, as listed on Schedule A.[1] Since the filing of the motion, the Panel has been notified of eight related actions pending in five districts.[2] All responding parties support centralization, but they differ as to the transferee district. Plaintiffs in the District of Rhode Island *Lakhani Rx* action and *Winships Pharmacy* potential tag-along action and the Eastern District of New York *Pressman* action support centralization in the District of Rhode Island. Plaintiffs in nine actions pending in the Central District of California[3] support centralization in the Central District of California. Plaintiffs in the Western District of Wisconsin *Booneville Pharmacy* potential tag-along action support centralization in the Western District of Wisconsin. Defendants GoodRx, Inc., GoodRx Holdings, Inc., Express Scripts, Inc., Express Scripts Holding Co., Caremark, L.L.C., MedImpact Healthcare Systems, Inc., and Navitus Health Solutions, LLC, suggest the Eastern District of Missouri or,

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Some of the actions were on a November 2024 motion for centralization that became moot when all actions pending in the District of Rhode Island were dismissed without prejudice. Plaintiffs in those actions have refiled actions in the Central District of California.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] C.D. California *Keaveny Drug*, *Community Care Pharmacy*, *Minnesota Independent Pharmacies*, *Philadelphia Association of Retail Druggists*, *C&H Pharmacy*, and *Esco Drug*, and the *National Community Pharmacists*, *Gus' Pharmacy*, and *C&M Pharmacy* potential tag-along actions.

- 2 -

alternatively, the Central District of California as the transferee district. Navitus Health Solutions, LLC, alternatively proposes centralization in the Western District of Wisconsin.[4]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the District of Rhode Island will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs are independent pharmacies, or non-profit associations of such pharmacies, which allege that GoodRx and the four pharmacy benefit manager defendants—CVS Caremark, Express Scripts, MedImpact, and Navitus (together, the PBM defendants)—have engaged in anticompetitive conduct through GoodRx's "integrated savings program." According to plaintiffs, that program involves an agreement between the PBM defendants and GoodRx to use GoodRx's price-aggregating algorithm to suppress the amounts that PBMs pay for generic prescription medications dispensed by independent pharmacies. Plaintiffs in all actions seek to represent nationwide classes of independent pharmacies that have been reimbursed for generic prescription medications pursuant to the integrated savings program. All actions name GoodRx as a defendant; all but two name the four PBM defendants. All plaintiffs assert claims of illegal price fixing and restraint of trade in violation of Section 1 of the Sherman Act.

All responding parties agree that centralization is warranted. The actions share overlapping complex issues of fact relating to how the integrated savings program operates, the agreements among GoodRx and the four PBM defendants, the program's impact on independent pharmacies, and the alleged damages. Fact and expert discovery are likely to be extensive, complicated, and time-consuming. Centralization will eliminate duplicative discovery and avoid the risk of inconsistent pretrial rulings, including with respect to class certification and *Daubert* issues. The actions may also present overlapping issues arising from the terms of several PBM defendants' agreements with plaintiffs, which, according to defendants, require that all disputes be resolved through arbitration.

The District of Rhode Island is an appropriate transferee district for this litigation. The district is a relatively underutilized transferee district that presently has no pending MDLs. CVS Caremark is headquartered in Rhode Island, and relevant witnesses and documents may be located there. We assign the litigation to Judge Mary S. McElroy, a capable jurist who presides over all four cases in the District of Rhode Island and has not yet had the opportunity to preside over an MDL. We are confident that she will steer this matter on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Rhode Island are transferred to the District of Rhode Island and, with the consent

---

[4] At oral argument, certain defendants modified their positions with respect to their preferred transferee districts. The GoodRx and MedImpact defendants requested centralization in the Central District of California in the first instance, and stated that they do not oppose transfer to the Eastern District of Missouri. Defendant Navitus requested centralization in the Western District of Wisconsin in the first instance.

- 3 -

of that court, assigned to the Honorable Mary S. McElroy for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

**IN RE: GOODRX AND PHARMACY BENEFIT**
**MANAGER ANTITRUST LITIGATION (NO. II)**     MDL No. 3148

## SCHEDULE A

<u>Central District of California</u>

KEAVENY DRUG, INC. v. GOODRX, INC., ET AL., C.A. No. 2:24−09379
COMMUNITY CARE PHARMACY, LLC v. GOODRX, INC., ET AL.,
 C.A. No. 2:24−09490
GREY DOG IV v. GOODRX, INC., ET AL., C.A. No. 2:24−09858
MINNESOTA INDEPENDENT PHARMACISTS v. GOODRX, INC., ET AL.,
 C.A. No. 2:24−10297
ESCO DRUG CO. v. GOODRX, INC., ET AL., C.A. No. 2:24−10543
CAAS, LLC v. GOODRX, INC., ET AL., C.A. No. 2:24−10899
PHILADELPHIA ASSOCIATION OF RETAIL DRUGGISTS, ET AL. v. GOODRX,
 INC., ET AL., C.A. No. 2:24−11023
C&H PHARMACY, INC., ET AL. v. GOODRX HOLDINGS, INC., ET AL.,
 C.A. No. 2:25−00082

<u>District of Connecticut</u>

WESTON PILLBOX, INC. v. GOODRX, INC., ET AL., C.A. No. 3:25−00063

<u>Eastern District of New York</u>

PRESSMAN, INC. v. GOODRX, INC., ET AL., C.A. No. 1:25−00115

<u>District of Rhode Island</u>

BUENO PHARMACY LLC v. GOODRX, INC., ET AL., C.A. No. 1:24−00537
SDDDC LLC v. GOODRX, INC., ET AL., C.A. No. 1:24−00550
LAKHANI RX, INC. v. GOODRX, INC., ET AL., C.A. No. 1:25−00003